IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES KELLEY                                                                                              PLAINTIFF
ADC #140048

V.                                          NO: 5:11CV00130 SWW/HDY

ROLAND ANDERSON *et al*.                                                                  DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of
> proof, and a copy, or the original, of any documentary or
> other non-testimonial evidence desired to be introduced at
> the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff James Kelley, an inmate currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on May 23, 2011, alleging that Defendants have been deliberately indifferent to his medical needs. On July 26, 2012, Defendants Wendy Kelley and William Straughn filed a motion for summary judgment, a brief in support, and a statement of facts (docket entries #91-#93), asserting that Plaintiff failed to exhaust his administrative remedies with respect to any claim against Kelley, that Plaintiff failed to state a claim for relief, and that they are entitled to sovereign and qualified immunity. Plaintiff filed a response to the motion on August 2, 2012 (docket entry #94).

### I. Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

Straughn is the warden at the Tucker Maximum Security Unit, where Plaintiff was incarcerated at all times relevant to this lawsuit. Kelley is the assistant director of health services for the ADC. Former Defendants Roland Anderson, Jacqueline Carswell, Charlotte Green, Sandra Thomas, all healthcare providers, and their corporation, Corizon, Inc., have previously been dismissed.[1]

According to Plaintiff's complaint, he has been denied adequate medical care for his rectal bleeding. In his response to Defendants' motion, Plaintiff agrees to Kelley's dismissal. Accordingly the Court need only examine Plaintiff's claims against Straughn. In essence, Plaintiff asserts that Straughn failed to ensure he received adequate medical care. The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to

---

[1] On February 24, 2012, the Court dismissed Plaintiff's claims agaisnt Anderson, Carswell, Green, Thomas, and Corizon, due to Plaintiff's failure to exhaust his administrative remedies against them before he filed suit (docket entry #74).

inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Straughn contends that he is entitled to summary judgment because he is not a physician, because Plaintiff was treated by qualified medical professionals, and *respondeat superior* is not a basis for section 1983 liability. According to Plaintiff, he began complaining of rectal bleeding in November of 2010. As Defendants note, Plaintiff concedes in his complaint that he received treatment from medical providers, including a colonoscopy on April 20, 2011. Medical records provided by Defendants (docket entry #93-1) indicate that Plaintiff was seen as early as January for his bleeding. Although Plaintiff may disagree with the treatment he received, as set forth above, such a disagreement does not rise to the level of a constitutional violation. Moreover, Straughn, who is not a physician, cannot be held liable for any treatment inadequacy simply because he is the unit warden. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not involved in treatment decisions and lacked medical expertise,

and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care). To the extent that Plaintiff has a claim for inadequate medical care, it should be brought against the medical providers, after he fully exhausts any available administrative remedies. Accordingly, Kelley's and Straughn's motion for summary judgment should be granted.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. The motion for summary judgment filed by Defendants Wendy Kelley and William Straughn (docket entry #91) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against William Straughn, and DISMISSED WITHOUT PREJUDICE in all other respects.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  16  day of August, 2012.

                                                  UNITED STATES MAGISTRATE JUDGE